# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EARL ROBERT KRANZ,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 304853
Allegan Circuit Court
LC No. 10-016625-FC

---

AFTER REMAND

Before: OWENS, P.J., and BECKERING and M.J. KELLY, JJ.

PER CURIAM.

This matter returns to us after remand to the trial court for findings of fact and legal determinations, on the record, in light of the Supreme Court's April 25, 2014 order vacating part of our opinion which addressed ineffective assistance of counsel as it related to the presentation of a defense. See *People v Kranz*, 495 Mich 989; 844 NW2d 723 (2014). The Supreme Court directed the trial court to determine whether the evidence that defense counsel failed to produce, which the trial court considered in finding ineffective assistance of counsel, was admissible. *Id.* The Supreme Court also directed us to review the trial court's findings and determinations under the standards set forth in *People v Armstrong*, 490 Mich 281; 806 NW2d 676 (2011), and reconsider whether defendant is entitled to a new trial. *Kranz*, 495 Mich at 989. In doing so, we conclude that defendant received ineffective assistance of counsel and is entitled to a new trial. Therefore, we reverse defendant's convictions of six counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) (person under 13), one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (person under 13), and one count of aggravated indecent exposure, MCL 750.335a(2)(b), and remand for a new trial.

Defendant argues that defense counsel's performance was deficient because he failed to produce documentary evidence to impeach the other-acts witnesses, and the deficient performance prejudiced defendant because the impeachment evidence would have significantly affected the witnesses' credibility. Originally, we declined to address this issue because even if defendant could show that counsel's performance was not sound trial strategy, defendant failed to articulate on appeal any argument regarding whether the documentation would have been admissible, either as substantive or impeachment evidence, such that a different result was

-1-

reasonably probable if counsel had sought to admit the evidence instead of merely cross-examining the other-acts witnesses. In light of the Supreme Court's order, however, defendant now argues in his supplemental brief after remand that the documentary evidence was admissible and counsel was ineffective for failing to seek its admission.

According to *Armstrong*, to warrant a new trial based on ineffective assistance of counsel defendant must meet two requirements. *Armstrong*, 490 Mich at 289.

> First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*Id.* at 290.]

Further, as the Supreme Court stated, "Where a claim of ineffective assistance of counsel is based on the failure of counsel to produce evidence at trial, there is no reasonable likelihood of a different outcome unless the evidence is admissible." *Kranz*, 495 Mich at 989.

We first conclude that counsel's failure to seek the admission of the documentary evidence was not sound trial strategy and fell below an objective standard of reasonableness. We agree with the trial court's determination that the documentary evidence would have been admissible at trial and would have attacked the witnesses' credibility more effectively than merely cross-examining the witnesses. The documentary evidence was from prior proceedings involving sexual-abuse allegations made by two of the other-acts witnesses, RK and JL, against defendant. The evidence included a court order cancelling a restraining order against defendant because there was no proof that he sexually abused RK, a psychologist's report where the psychologist concluded that RK fabricated her allegations and did not show signs of having been sexually abused, a letter signed by a psychologist and RK's therapist stating that RK should not have contact with her maternal grandparents because they coached her to make false allegations, a letter from the foster care worker stating the same, an addendum from Child Protective Services showing that defendant's name had been removed from the child-abuse registry, a divorce decree granting defendant custody of his children because it was in their best interests and prohibiting the children from having contact with their maternal grandparents, excerpts from trial testimony of a psychologist in the prior proceedings regarding RK's factitious disorder by proxy, which helped to explain why she might have fabricated allegations against defendant, excerpts from trial testimony of a caseworker in the prior proceedings who stated that RK's and JL's allegations were unfounded, and finally, a psychological evaluation of JL that concluded that she showed signs of "opportunistic manipulation," had a pattern of bullying her parents, and had the capacity to fabricate allegations of sexual abuse.

At trial, the trial court prevented counsel from cross-examining RK and JL about the prior proceedings and their capacity to fabricate the allegations because the questions amounted to an attack on their credibility using specific instances of conduct, which needed to be supported by documentary evidence. The trial court also prevented defendant from referring to those prior proceedings, without admitting supporting documentary evidence that those proceedings actually occurred. At the evidentiary hearing, the trial court stated that it was counsel's failure to provide the documentary evidence, of which he had knowledge, to establish a foundation for his

questions that led to the trial court's evidentiary rulings. Further, on remand, the trial court indicated that it would have allowed counsel to ask the questions had the supporting documentation been offered and admitted. The fact that counsel believed that the trial court's evidentiary rulings were erroneous is irrelevant because, in light of the trial court's rulings at trial, a reasonable attorney in his position would have realized that to effectively cross-examine RK and JL, and to offer impeachment evidence, the documentary evidence would need to be admitted. Where counsel was aware of the evidence and had a reasonable opportunity to obtain it, and where the trial court indicated to counsel that the documents were needed to inquire about the prior allegations, counsel's failure to admit the documents cannot constitute sound trial strategy.

We further conclude that counsel's failure to admit the documentary evidence prejudiced defendant, such that "a different result would have been reasonably probable." *Armstrong*, 490 Mich at 290. As stated, we agree with the trial court that the documentary evidence would have been admissible at trial. Most of the documentary evidence could have been admitted by the authors being called to testify or through the public records hearsay exception, MRE 803(8).[1] Although the psychologist who testified at the prior proceedings and authored one of the psychological reports had since died, the prior testimony and report would have been admissible under MRE 804(b)(1) and (7). Further, as the trial court stated on remand, there was no significant impeachment of the other-acts witnesses, and thus, the documentary evidence was vital to the defense. It is clear that the prosecution's case hinged solely on the credibility of the witnesses. By not providing the documentary evidence, counsel was unable to show the jury the extent of RK's and JL's capacity to fabricate allegations of sexual abuse. The trial court found that the documentary evidence would have "cast very significant doubt upon the credibility of those witnesses," whose testimony was of substantial importance to the prosecution's case. The trial court stated that RK's and JL's testimony showed defendant's capacity to sexually abuse young girls in his family. Therefore, the lack of impeachment evidence showing that RK and JL had the capacity to fabricate sexual-abuse allegations significantly impaired the defense. Accordingly, we conclude that counsel's decision to not seek the admission of the documentary evidence fell below an objective standard of reasonableness, and but for his error, a different result would have been reasonably probable. *Armstrong*, 490 Mich at 290. Therefore, we reverse defendant's convictions and remand for a new trial.

---

[1] Plaintiff argues that the documentary evidence was too remote to be relevant, and therefore, inadmissible. However, we note that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "The threshold is minimal: 'any' tendency is sufficient probative force." *People v Crawford*, 458 Mich 376, 390; 582 NW2d 785 (1998), citing MRE 401. Contrary to plaintiff's argument, although some of the evidence may be remote, it is highly relevant to this case, particularly where the evidence was from prior proceedings involving sexual-abuse allegations made by two of the other-acts witnesses against defendant and has a tendency to show the witnesses' capacity to fabricate allegations of sexual abuse.

Defendant also asserts in his supplemental brief that the trial court ordered defendant to pay $5,000 in general court costs without statutory authority. However, given that we have reversed defendant's convictions and remanded for a new trial, the order of sentence imposing the costs is set aside, rendering this issue moot.

Reversed and remanded for a new trial. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Jane E. Beckering
/s/ Michael J. Kelly